UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD DOUGLAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FRANK WITNEY, NELSON CHAN, GARY GUTHART, JAMI NACHTSHEIM, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT TRICE, and AFFYMETRIX, INC.,<br><br>Defendants. | Case No. 3:16-cv-00921-WHO<br><br>**FINAL ORDER AND JUDGMENT** |
| STEVEN MEROLA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FRANK WITNEY, NELSON CHAN, GARY GUTHART, JAMI NACHTSHEIM, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT TRICE, and AFFYMETRIX, INC.,<br><br>Defendants. | Related Case No. 4:16-cv-01237-WHO |
| JEFFREY S.L. CHEAH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AFFYMETRIX, INC., JAMI DOVER NACHTSHEIM, FRANK WITNEY, NELSON C. CHAN, GARY S. GUTHART, RICCARDO PIGLIUCCI, MERILEE RAINES, ROBERT H. TRICE, THERMO FISHER SCIENTIFIC, INC. and WHITE BIRCH MERGER CO.,<br><br>Defendants. | Related Case No. 3:16-cv-1253-WHO |

This matter came before the Court for hearing pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated September 21, 2016 (the "Preliminary Approval Order"), to consider approval of the proposed Settlement set forth in the Stipulation of Settlement dated as of July 29, 2016 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, except as otherwise provided herein.

2. This Court has jurisdiction over the subject matter of the above-captioned actions (the "Actions") and over all parties to the Actions, including all members of the Settlement Class.

3. The Court hereby finally certifies, under Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure, for purposes of effectuating this Settlement, a non-opt-out Settlement Class consisting of all record holders and beneficial owners of Affymetrix common stock at any time during the period beginning on and including August 12, 2015 through and including March 31, 2016, the date of the consummation of the Merger, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them. Excluded from the Settlement Class are the Defendants, members of the immediate family of any individual Defendant, any entity in which a Defendant has or had a controlling interest, officers of the Defendants, and the respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate or remote, of any such excluded person.

4. With respect to the Settlement Class, this Court finds and concludes that: (a) members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Actions is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; (e) inconsistent or varying adjudications with respect to individual class members, including as to Defendants' disclosure obligations, would establish incompatible standards of conduct for the Defendants; (f) adjudications with respect to individual Settlement Class members would be dispositive of the interests of the other members not parties to the individual adjudications; (g) Defendants acted on grounds that apply generally to the Settlement Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole; and (h) a class action is superior to other methods for the fair and efficient adjudication of the matter.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement as set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of the Settlement Class, and should be approved. Accordingly, the Stipulation and the terms of the Settlement as described in the Stipulation are hereby approved in their entirety. The Parties to the Settlement are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. Plaintiffs, all Settlement Class members, and Defendants are hereby bound by the terms of the Settlement as set forth in the Stipulation.

6. The Actions are hereby dismissed as against all Defendants on the merits and with prejudice and without Court costs to any party as against any other party, except as otherwise agreed in the Stipulation and as set forth herein.

7. Upon the Effective Date, Plaintiffs and members of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice, completely, individually, and collectively, the Released Claims against the Released Parties; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

8. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, completely released all claims, liabilities, allegations or sanctions relating to the subject matter of the Actions that they have or may have against Plaintiffs, Plaintiffs' Counsel and the Settlement Class, including any claims based upon or arising out of the institution, investigation, prosecution, assertion, settlement, or resolution of the Actions; provided, however, that the Released Parties shall retain the right to enforce the terms of the Stipulation, the Settlement, and the MOU.

9. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims (including Unknown Claims) against the Released Parties.

10. Upon the Effective Date, (i) the releases in the Stipulation shall extend to all Unknown Claims; (ii) the Releasing Parties and Released Parties shall be deemed to relinquish as to the claims released by any party to this agreement, to the extent applicable, and to the full extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code (provided below); and (iii) the Releasing Parties and Released Parties shall be deemed to waive as to the claims released by any party to this agreement any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

11. The Notice was provided to the Settlement Class pursuant to and in the manner directed by the Preliminary Approval Order; proof of the mailing of the Notice has been filed with the Court; and a full opportunity to be heard has been offered to all Parties and the Settlement Class. The form and manner of distribution of the Notice is hereby determined to have been the best notice practicable under the circumstances, to fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and applicable law, and to

constitute due and sufficient notice to the Settlement Class members, and it is further determined that all Settlement Class members and their respective agents, executors, heirs, successors, and assigns are bound by this Judgment.

12. Plaintiffs' Counsel is hereby awarded fees and expenses in the aggregate amount of $ 1,000,000.00 for Plaintiffs' Counsel's representation of Plaintiffs and the Settlement Class in connection with the Actions, which fees and expenses the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' Counsel in accordance with the terms of the Stipulation.

13. Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; and (b) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

15. The Court finds that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all

orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

IT IS SO ORDERED.

DATED: December 27, 2016

THE HONORABLE WILLIAM H. ORRICK
U.S. DISTRICT COURT JUDGE